MARSHALL v. HOLBROOK, CABOT & DALY CONTRACTING CO.

(Supreme Court, Appellate Term.   November 10, 1905.)

TRIAL—INSTRUCTIONS.

> In an action for personal injuries, the negligence alleged was that defendant permitted a beam to lie in a public street and took no proper precautions to guard against accidents.  The evidence showed that a beam fell from one of defendant's wagons into the street, and that defendant's foreman immediately had it rolled into the gutter, where it was when the accident occurred.  There was no evidence as to what caused the beam to fall off the wagon.  *Held*, that it was error to charge that the jury might find that it was negligence for defendant to permit the beam to fall into the street.

Appeal from City Court of New York, Trial Term.

Action by Robert B. Marshall against the Holbrook, Cabot & Daly Contracting Company.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Benjamin Patterson, for appellant.
Lyman A. Spalding, for respondent.

SCOTT, P. J.  I am of opinion that the judgment must be reversed for an error in the charge.  The negligence charged against the defendant was that it permitted a beam or log to lie in the roadway on Fourth avenue, so that the end projected into Eleventh street, and took no proper precautions to guard against accidents.  The defendant was engaged in constructing a section of the subway, and on the evening of the accident was moving some beams on a wagon from Seventeenth street to Eighth and Ninth streets.  At Eleventh street one of the beams rolled off the wagon into the roadway, and defendant's foreman at once had the beam rolled into the gutter close to the curb, and it was in this position when the accident occurred.  There was a sharp conflict of evidence whether or not defendant had caused a warning light to be put on

the log before the accident happened. Plaintiff asked the court to charge the jury that they might find it was a negligent act on the part of the defendant to allow this beam to fall into the street, and that the court leave that question for them to determine, to which the court replied that he left that question to the jury, which, of course, was equivalent to charging as requested, and left it open to the jury to find that the defendant negligently allowed the beam to fall into the street, and that this negligence would sustain a verdict for plaintiff.

There was no foundation in the evidence for such an instruction. There was no evidence whatever as to how the beam came to roll off, or what caused it to do so. There was, therefore, nothing upon which to base a finding that the log rolled off in consequence of any negligence on the part of defendant. And, even if there had been such evidence, it is clear that the rolling off of the log was not the proximate cause of the accident. The log did not remain where it fell, but was moved into another position, and the negligence, if any, of which defendant was guilty, was in placing the log where it was placed after it rolled off, and in failing to promptly and properly guard and light it. It cannot be said that this error was harmless, because, in view of the sharp conflict upon the other questions of the case, it may well be that the jury seized upon the suggested negligence in permitting the beams to roll off the wagon in order to find for the plaintiff.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.